Frank STEWART, et al.,

v.

PENSION TRUST FUND, et al.

No. CIV. JFM–00–418.

United States District Court,
D. Maryland.

Dec. 10, 2001.

Paul A. Weykamp, Baltimore, MD, for plaintiffs.

G. Stewart Webb, Jr., Maria E. Rodriguez, Venable Baetjer and Howard LLP, Baltimore, MD, for defendants.

## MEMORANDUM

MOTZ, District Judge.

On appeal from my memorandum and order entered on May 14, 2000, the Fourth Circuit held that I "did not err in determining that the plain terms of the Pension Agreement do not permit COLAs earned after August 1, 1975 to be treated as 'earnings,' even if those COLAs were later rolled into ... [plaintiffs'] base rate of pay." The Fourth Circuit remanded the case, however, for resolution of a dispute raised by the pleadings concerning whether "rolled in" COLAs allegedly received by plaintiffs were actually received by them. Defendants have now moved for summary judgment on that issue. The motion will be granted.[1]

### A.

Not fully understanding the allegation that gave rise to the remand, I explored the issue with counsel during a status conference. As a result of statements made by plaintiffs' counsel during the conference, I sent a letter to counsel after the conference, stating in relevant part:

> This will confirm, as we discussed during the conference held on July 24, 2001, that plaintiffs did not mean to allege in their Complaint—and do not in fact allege—that in calculating plaintiffs' pen-

---

1. One of the defendants, Bethlehem Steel Corporation, has filed bankruptcy proceedings, and the action is stayed as to Bethlehem Steel. However, the motion for summary judgment was jointly made both by Bethlehem Steel and by the other defendant, the Pension Trust of Bethlehem Steel Corporation and Subsidiary Companies, and the motion can therefore be resolved on its merits. Moreover, I will enter the judgment in favor of the Pension Trust under Fed.R.Civ.P. 54(b) so that the issues presented can be resolved without undue delay.

sions, defendants made a deduction for monies that plaintiffs never received in their paychecks.

It is not entirely clear from plaintiffs' memorandum in opposition to defendants' summary judgment motion whether or not plaintiffs intend to stand behind the concession they made during the status conference. They do not expressly disavow it. Moreover, as indicated in section B *infra,* it does not appear they intend to do so. On the other hand, plaintiffs do they suggest that "the voluminous record shows quite clearly that it has always been the plaintiff's [sic] contention that they never received. any COLAs under the 1989 contract—and that they were not entitled to any COLAs under the 1989 contract—and that for that reason COLAs could not properly be deducted from their earnings under the 1989 contract."

If what plaintiffs now contend is that the did not receive rolled in COLAs under the 1989 CBA, it simply is not true that this has "always been" their contention. To the contrary, the essence of their position consistently has been that the rolled in COLAs became part of their base pay and therefore should have been included in their pension calculations. For example, in their Complaint plaintiffs alleged that defendants improperly reduced pensions by "deducting COLAs that were rolled into the base rate of pay in subsequent contracts." *See* Complaint, paragraphs 25 and 29. Likewise, in opposing defendants' original motion to dismiss, plaintiffs argued that as part of the 1989 CBA "previously earned COLAs (*i.e.,* COLAs earned under earlier CBAs) were rolled into the base rate of pay, and ceased to be COLAs altogether." (Pl.'s Resp. and Opp'n to Def.'s Mot. To Dismiss, at 2.)

In opposing defendants' summary judgment motion, plaintiffs have presented absolutely no evidence to suggest that they did not receive their rolled in COLAs under the 1989 CBA. It is true, as defendants point out in their motion papers, that the COLA box on the pay stubs plaintiffs received under the 1989 CBA showed no COLA amounts being paid. However, as defendants also explain, this blank in the COLA box reflected only the absence of a current COLA, not rolled in COLAs.[2]

Although plaintiffs state that they seek further discovery on the issue, they have made no proffer that would justify such discovery. Such a proffer would be easy to make since, if plaintiffs had received no rolled in COLAs under the 1989 CBA, they would have received substantially less wages under the 1989 CBA agreement than they had been receiving up to that time. They have submitted no affidavits to that effect. Moreover, presumably there would have been a work stoppage at Bethlehem if rolled in COLAs had been deducted from their wages under the 1989 CBA since, according to an affidavit of Robert Peppemberton previously submitted by plaintiffs, in 1989 "the Union bargained for and received a 'roll in' a previously paid cost-of-living adjustments (COLAs) into the 'base pay'." Again, no affidavit has been submitted stating that such a work stoppage occurred.

### B.

The foregoing discussion assumes that plaintiffs are now alleging that they did not receive rolled in COLAs after the 1989 CBA was entered into. In fact, however, it appears that plaintiffs simply are continuing to pursue their prior arguments that have been rejected both by this court

2. The reason there was no current COLA payable under the 1989 CBA was that a COLA was to be given only if the consumer price index exceeded a certain level. That level was never exceeded.

and the Fourth Circuit. Thus, they contend on (unnumbered) page 3 in their memorandum opposing defendants' summary judgment motion that "[t]he defendants have produced no evidence that the COLAs earned under previous contracts were 'rolled in' and remain COLAs under the 1989 contract. The plaintiffs do not agree that 'rolled in' COLAs were part of their pay under the 1989 contract. Whatever COLAs there may have been before the 1989 contract, they ceased to exist at the time the 1989 contract was entered into." In other words, plaintiffs still contend that rolled in quotas should have been calculated for pension purposes because they no longer were COLAs. The law of the case is to the contrary. A separate order effecting the rulings made in this memorandum is being entered herewith.